IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| Mercy Troyer., | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | CASE NO.: 1:14-CV-138 (WLS) |
| | : | |
| Pfizer, Inc., | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Presently before the Court is Plaintiff's Motion for Reconsideration (Doc. 18) and Motion for Leave to File an Amended Complaint (Doc. 19). For the following reasons, Plaintiff's Motions are **DENIED**.

## PROCEDURAL BACKGROUND

On September 16, 2014, Plaintiff initiated the above-captioned case. (Doc. 1.) Therein, Plaintiff's Complaint asserted claims under Title VII of the Civil Rights Act of 1964, as amended at 42 U.S.C. § 2000(e), *et seq.*, (Title VII) for race discrimination, gender discrimination, and retaliation. On November 14, 2014, Defendant moved to dismiss Plaintiff's Complaint for failure to state a claim. (Doc. 5.) After Plaintiff filed her response (Doc. 10) and Defendant replied (Doc.15), the Court granted Defendant's Motion to Dismiss. (Doc. 16.) On June 17, 2015, Plaintiff filed a Motion for Reconsideration (Doc. 18) and on June 18, 2015, Plaintiff filed her first Motion for Leave to File an Amended Complaint. (Doc. 19.) Plaintiff's Motion to Amend includes language almost, if not completely, identical to her Motion for Reconsideration. Defendant responded in opposition to Plaintiff's Motion for Reconsideration (Doc. 20) and in opposition to Plaintiff's Motion for Leave to File an Amended Complaint. (Doc. 21.) The Court will consider both of Plaintiff's Motions in turn.

## DISCUSSION

**I. Plaintiff's Motion for Reconsideration (Doc. 18)**

1

Plaintiff argues that the Court should reconsider its Order granting Defendant's Motion to Dismiss. (Doc. 16.) As long recognized by the Eleventh Circuit, whether or not to grant relief as a result of a motion for reconsideration is within "the sound discretion of the district judge." *Region 8 Forest Service Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993). The Local Rules of this Court are clear that a "Motion for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. It is the practice of this Court, in both civil and criminal cases, to grant a motion for reconsideration only when the movant timely demonstrates that: 1) there has been an intervening change in the law; 2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or 3) the court made a clear error of law. *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997). "A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time." *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F.Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd*, 87 F.3d 1242 (11th Cir. 1996).

Plaintiff's Motion for Reconsideration relies on an illogical interpretation of well-established, bedrock principles of law. Throughout Plaintiff's Motion she argues this Court made a clear error of law in applying the Rule 12(b)6 standard. Fed. R. Civ. P. 12(b)6. To challenge this Court's application of law, Plaintiff begins her argument by relying on *Conley v. Gibson*, 355 U.S. 41, 47 (1957), and states that " [a] complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  The law Plaintiff relies on to challenge this Court's judgment, is in itself bad law. *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 563 (2007). In *Twombly*, the Supreme Court made clear that the "no set of facts" language relied upon by Plaintiff here, had "earned its retirement" and "is best forgotten as an incomplete, negative gloss on an accepted pleading standard" described in *Twombly* and further defined in *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). *Id.* The Supreme Court's rulings in *Twombly* and *Iqbal* are not trivial decisions whose interpretation can be fudged or evaded by litigants, particularly those represented by licensed attorneys.

Following Plaintiff's incorrect recitation of law, she also argues that contrary to the Court's findings, Defendant received "adequate notice of the nature of her claims" as a result of her Equal Employment Opportunity Commission (EEOC) complaint, thus meeting

2

the pleading standard. (Doc. 18 at 2-3.) As even Plaintiff acknowledges, adequate notice is not enough to meet the appropriate pleading standards. In the Court's Order dismissing Plaintiff's complaint, the Court decided that the facts alleged within her Complaint were not enough to form a plausible right of relief. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010)("Dismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.'")(quoting *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008)). While district courts can consider attachments, including EEOC complaints, when reviewing a Rule 12(b)(6) Motion to Dismiss, this Court cannot refer to attachments that are non-existent. *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC.*, 600 F.3d 1334, 1337 (11th Cir. 2010); *Holsey v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). Plaintiff did not attach her EEOC complaint when filing her Complaint in this case. To the extent Plaintiff relies on her EEOC complaint as a basis for the Court's reconsideration of her Complaint, when her EEOC complaint was not attached for the Court's review, her Motion is denied.

Plaintiff's Motion further argues that the Court incorrectly dismissed her race and gender discrimination claims given her failure to identify a comparator. Plaintiff "points out to the Court that in her Response to Defendant's Motion to Dismiss" she did identify John Norton as a white male. (Doc. 18 at 3.) Plaintiff's Motion does not identify factual allegations in her Complaint regarding an adequate comparator. Considering a comparator was not identified within the four corners of Plaintiff's Complaint or attachments thereto, the Court maintains that an adequate comparator was not identified. *Iqbal*, 556 U.S. at 678; *Brooks v. Blue Cross and Blue Shield of Fl., Inc.*, 116 F.3d 1364, 1368-69 (11th Cir. 1997). The Court will not rely on assertions in Plaintiff's Response after Defendant put forth its Motion to Dismiss, not included in her Complaint and attachments thereto, to fulfill the absence of an identified comparator within Plaintiff's complaint.

Plaintiff's last assertion that the Court erred in finding that her Complaint lacked an appropriate showing she was retaliated against as a result of a recognized activity under Title VII also fails. "Title VII's anti-retaliation provision makes it unlawful for an employer to discriminate against an employee 'because [s]he has opposed any practice made an unlawful employment practice …, or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this

subchapter.'" *McCann v. Tillman*, 526 F.3d 1370, 1375 (11th Cir. 2008)(citing 42 U.S.C. § 2000e-3(a)). Although Plaintiff argues she "reported mistreatment that [she] received from three (3) other males" in the present Motion, nowhere in her Complaint are there any factual assertions that any such report or investigation would be recognized as a protected activity under Title VII. (Doc. 18 at 4.) The Court again reminds Plaintiff that legal conclusions, without factual support, fail to meet the requisite pleading standards.

Plaintiff submits no change in the law or new evidence that would cause the Court to reconsider its past judgment. Furthermore, in arguing the Court erred in its application of the law, Plaintiff continues to misstate the law. The Court can only conclude that Plaintiff, by and through Counsel, is either confused regarding the applicable law or relying heavily on the outermost notions of zealous advocacy in contravention of *Twombly* and *Iqbal*. As a consequence, Plaintiff's Motion for Reconsideration is **DENIED**. (Doc. 18.)

### II. Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 19)

Plaintiff asserts in the alternative, if the Court denies her Motion to Reconsider, she should be granted leave to amend her complaint pursuant to Federal Rule of Civil Procedure 15(a). (Doc. 19 at 4.) Plaintiff argues there's no substantial reason to deny leave to amend in this case. The Court disagrees. Rule 15(a) does not apply at this juncture. As correctly noted by Defendant, "Rule 15(a), by its plain language, governs amendment of pleadings before judgment is entered; it has no application after judgment is entered." *Jacobs v. Tempur-Pedic Int'l Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). The Court has entered a judgment in this case. (*See* Doc. 16.) As a result, Plaintiff's Motion is **DENIED**. (Doc. 19.)

Even if the Court were to *sua sponte* grant relief from its prior judgment pursuant to Rule 60, which the Court will not, Plaintiff's Complaint would fail nevertheless. While district courts are generally encouraged to grant leave to amend complaints, denial of leave to amend is merited when there is undue delay, bad faith, or dilatory motive, amongst other considerations, in filing a motion to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiff's Motion to Amend at a minimum is unduly delayed. Plaintiff filed her Complaint on September 16, 2014 (Doc. 1) and waited for two-hundred and seventy five days after her Complaint was filed and twenty-eight days after the Court entered its judgment to file her Motion to Amend. (Doc. 5.) Plaintiff provides no explanation regarding why she waited until

4

after the Court's judgment dismissing her complaint to take any action to seek amendment. As a result, even under Rule 15(a) Plaintiff's Motion would be denied.

## CONCLUSION

For the aforementioned reasons, Plaintiff's Motion for Reconsideration and Motion to Amend are **DENIED**. (Doc. 18, 19.)

**SO ORDERED**, this   13th   day of October, 2015.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE
UNITED STATES DISTRICT COURT**